AO 91 (Rev. 08/09) Criminal Complaint

FILED BY _____ D.C.

JUN 19 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| | ) Case No. 20-6246-STRAUSS |
| Pereze Ferguson, | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 18, 2020__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 963 | Conspiracy to Import a Controlled Substance |
| 21 U.S.C. § 846 | Attempt to Possess with Intent to Distribute Cocaine |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Mariana Gaviria, Special Agent, DHS/ICE
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by FaceTime.

Date: 06/19/2020

_____
*Judge's signature*

City and state: Broward, Florida

Jared M. Strauss, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL CONDUCT

I, Mariana Gaviria, being duly sworn, do hereby depose and state:

1. I am a Special Agent with Homeland Security Investigations ("HSI"), United States Department of Homeland Security ("DHS"), and have been so employed since August of 2019. As a Special Agent with HSI, I am authorized as an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Titles 18 and 21 of the United States Code. I am currently assigned to the High Intensity Drug Trafficking Area ("HIDTA") of South Florida. HIDTA is an investigative entity that is comprised of law enforcement officers from various federal, state, and local law enforcement agencies who work together in a cooperative relationship where the primary focus is on narcotics smuggling investigations.

2. As a Special Agent with HSI, I have participated in narcotics investigations involving physical and electronic surveillance, the execution of search and arrest warrants, international drug importations, and domestic drug distribution organizations. I am a graduate of the certified Criminal Investigator Training Program and the Homeland Security Investigations Special Agent training provided at the Federal Law Enforcement Training Center in Glynco, GA. During the course of this program, I received specialized training in, among other things, conducting narcotics investigations, including studying the techniques used by smugglers to bring narcotics into the United States. Based on my training and experience, I am familiar with the methods and practices of drug organizations and their operations, including the specific language used by narcotics trafficking operations, the unique trafficking patterns employed by narcotics

organizations, and the use of international shipping methods to transport controlled substances from foreign countries into the United States.

3. This Affidavit is submitted in support of a criminal complaint to establish probable cause that **Pereze Perissa Jeronica Ferguson ("FERGUSON")**, on or about June 18, 2020, in the Southern District of Florida, (1) did knowingly and intentionally attempt to possess with the intent to distribute a mixture or a substance containing a detectable amount of cocaine, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846, and (2) did knowingly and intentionally conspire to import into the United States, from a place outside thereof, a controlled substance, that is, five hundred (500) grams or more of a mixture or substance containing a detectible amount of cocaine, in violation of Title 21, United States Code, Section 963.

4. This Affidavit is based upon my personal knowledge, as well as on information provided to me by other law enforcement officers. Because this Affidavit is for the limited purpose of setting forth probable cause, it does not contain every fact known to me about the investigation.

## PROBABLE CAUSE

5. On or about June 16, 2020, FedEx received a mail parcel bearing tracking number 81530868794000402 ("parcel"), shipped from the Bahamas via FedEx. The parcel was manifested as "Donation Face Mask" and was addressed to "Dave Black" at 851 N.W. 85th Terrace, Apartment 2220, Fort Lauderdale, Florida 33324.

6. FedEx attempted delivery of the parcel to "Dave Black" at 851 N.W. 85th Terrace, Apartment 2220, Fort Lauderdale, Florida 33324, but was unsuccessful in delivering the package because the intended delivery address was abandoned. The parcel was returned to FedEx.

7. Over the next day or two, while the parcel remained in FedEx custody, an individual with a phone number of "954-669-8161" called FedEx repeatedly, inquiring about the status of the parcel delivery. This phone number was found to correspond to FERGUSON's cellular phone.

8. The delivery address of the parcel underwent multiple corrections while the parcel was in FedEx custody by request via telephone and electronically. After instructions to FedEx by an individual claiming to be the recipient of the package, the final delivery address of the parcel reflected consignee "Ms. Ferguson" at 821 N.W. 85th Terrace, Apartment 2220, Fort Lauderdale, Florida.

9. Due to the abnormal nature of the repeated address changes, FedEx Security selected the parcel for further examination. Upon inspection, law enforcement discovered multiple wrapped bundles containing approximately 2.9 kilograms of a white, powdery substance. This substance filed-tested positive for the presence of cocaine.

10. Based on this discovery, law enforcement officers removed the cocaine from the parcel and substituted it with sham cocaine in order to execute a controlled delivery of the parcel to "Ms. Ferguson" at 821 N.W. 85th Terrace, Apartment 2220, Fort Lauderdale, Florida. Law enforcement maintained surveillance of the delivery address on June 18, 2020 and observed FERGUSON at this location in the morning. After surveilling the area, law enforcement decided not to execute the controlled delivery at this location.

11. At approximately 11:28 a.m. on the same day, an undercover law enforcement officer ("UC") dialed the phone number listed on the parcel, "954-669-8161," and made contact with a female who answered the phone. This female identified herself as "Pereze." The UC informed the female caller that he was in possession of her parcel, addressed to "Dave Black" and

3

made arrangements with this female to return the parcel to her later the same day at the Broward Mall.

12. At approximately 12:54 p.m., a black Ford truck arrived at the Broward Mall, which was under surveillance by law enforcement. Law enforcement observed this truck drive around the parking lot of the mall, performing counter-surveillance before parking within view of the known UC vehicle. The driver of the truck was a black female wearing a burgundy shirt, accompanied by a black male who was sitting in the front passenger seat. These individuals were identified as FERGUSON and Damian Sherman.

13. Upon parking the truck, FERGUSON contacted the UC via text message and asked whether he was law enforcement or police, to which the UC indicated that he was not. After approximately two minutes, Sherman directed the UC, by phone, to meet him near the entrance to the movie theater in the mall. The UC followed FERGUSON'S and Sherman's directions, and approached the entrance to the movie theater. FERGUSON and Sherman, who remained inside the truck, observed the UC approach the front of the movie theater and realized that he was not in possession of the parcel.

14. Sherman, in the presence of FERGUSON, called the UC via telephone and asked the UC where the parcel was located. The UC informed Sherman and FERGUSON that he left the parcel in his vehicle. Shortly thereafter, FERGUSON and Sherman called the UC stating that they had decided not to collect the parcel. FERGUSON and Sherman drove away from the scene.

15. Law enforcement officers conducted a traffic stop on FERGUSON'S truck. Post-*Miranda*, FERGUSON, a Bahamian citizen and national visiting the United States on a Visa, advised that she owns a business that facilitates shipments on behalf of other parties, between the

4

United States and the Bahamas. FERGUSON advised that she was hired to pick up the parcel and deliver it to another individual known as "Zar" in exchange for $75.00. FERGUSON admitted that she had provided the sender of the parcel, a man known to her as "Dave Black," with the final delivery address given to FedEx. FERGUSON informed law enforcement that she had been actively tracking the parcel and was aware that it contained some form of contraband due to the suspicious nature of the arrangement. FERGUSON also admitted that she was calling "Dave Black" during her conversations with the UC at the Broward Mall.

16.     FERGUSON consented to a search of her cellular phone. It was confirmed that FERGUSON had previously visited the delivery address of 821 N.W. 85th Terrace, Apartment 2220, Fort Lauderdale, Florida several days earlier. FERGUSON admitted to using that address for the parcel delivery because her cousin lives there. FERGUSON also directed law enforcement officers to an unsaved number in her phone records which she claimed belongs to "Dave Black." Records showed multiple calls to this number; most notably, just after contact with the UC at the Broward Mall and prior to the traffic stop.

[INTENTIONALLY LEFT BLANK]

17. Based upon the foregoing, your affiant respectfully submits that probable cause exists to arrest FERGUSON for Conspiracy to Import Cocaine, in violation of Title 21, United States Code, Section 963, and Attempt to Possess with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 846.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
MARIANA GAVIRIA, SPECIAL AGENT
DEPARTMENT OF HOMELAND SECURITY
HOMELAND SECURITY INVESTIGATIONS

Attested to by the applicant in accordance
with the requirements of Fed. R. Crim. P. 4.1
by FaceTime on this 19th Day of June, 2020

_____
JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE